MELINDA L. HAAG
United States Attorney
GRACE M. KIM
Regional Chief Counsel, Region IX
BRENDA M. PULLIN
Special Assistant United States Attorney
Social Security Administration

160 Spear Street, Suite 800
San Francisco, California 94105
Telephone: (415) 977-8975
Facsimile: (415) 744-0134
E-Mail: Brenda.Pullin@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALVIN OSCAR CHENG FONG, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN,[1] <br> Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 3:11-cv-02432-CRB <br><br> STIPULATION AND ORDER TO REOPEN CASE FOR THE PURPOSE OF ENTERING A DISMISSAL |

IT IS HEREBY STIPULATED by the parties, through their undersigned attorneys, and with the approval of the Court as indicated below, that this case shall be reopened for the purpose of entering a dismissal.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On August 1, 2011, the Court remanded this case for further administrative proceedings and retained jurisdiction pursuant to sentence six of 42 U.S.C. § 405(g). [Doc. Nos. 8 & 9]. The parties stipulated to remand this case because the audio tape of the administrative hearing was inaudible. Upon remand, Plaintiff was granted a new hearing and an ALJ subsequently issued an unfavorable decision on February 1, 2012. Plaintiff now agrees to dismiss this court action.

As the administrative proceedings have concluded, reopening of the instant action is necessary. In a sentence-six remand case, the Court retains jurisdiction following the remand. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98; 111 S. Ct. 2157; 115 L. Ed. 78 (1991) (District Court retains jurisdiction over Social Security cases remanded under 42 U.S.C. § 405(g), sentence six, and where the final administrative decision is favorable to one party or the other, the Commissioner is to return to Court following completion of the administrative proceedings on remand so that the Court may enter a final judgment or, as in this case, a dismissal); *see also Shalala v. Schaefer*, 509 U.S. 292, 298-300; 113 S. Ct. 2625; 125 L. Ed.2d 239 (1993).

> [A] sentence six remand, because of clear language in the social security statute, implies and necessarily involves a reservation of jurisdiction for the future and contemplates further proceedings in the district court and a final judgment at the conclusion thereof. A sentence six remand judgment, the Court said, is therefore always interlocutory and never a "final" judgment.

*Carrol v. Sullivan*, 802 F.Supp. 295, 300 (C.D. Cal. 1992) (summarizing *Melkonyan*.)

It is therefore appropriate to reopen this case in order to resolve the Court's sentence-six jurisdiction with the entry of a dismissal. Upon reopening, the parties stipulate that the case shall be dismissed. Defendant is filing a separate proposed order for dismissal of the case.

Respectfully submitted,

Dated: May 16, 2013    */s/ David J. Linden*
(As authorized via e-mail)
DAVID J. LINDEN
Attorney for Plaintiff

BENJAMIN B. WAGNER
United States Attorney

Dated: May 16, 2013    */s/ Brenda M. Pullin*
BRENDA M. PULLIN
Special Assistant United States Attorney
Attorneys for Defendant

**ORDER**

IT IS SO ORDERED.

Dated: May 20, 2013

_____
HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE